UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN JIMENEZ,<br><br>    Plaintiff,<br><br>v.<br><br>LABOR BOARD OAKLAND, et al.,<br><br>    Defendants. | Case No.17-cv-03322-JSC<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>Dkt. No. 8 |

Plaintiff Karen Jimenez, representing herself, brings this civil action against several state and municipal entities related to issues she has encountered attempting to open an apprenticeship cosmetology program. The Court previously granted Plaintiff's application to proceed in forma pauperis, screened her complaint under 28 U.S.C. § 1915, and dismissed her complaint for failure to state a claim with leave to amend. (Dkt. No. 7.) Plaintiff thereafter filed her First Amended Complaint ("FAC"). (Dkt. No. 8.) Because, upon review, Plaintiff's FAC fails to cure many of the deficiencies that the Court identified in the initial complaint, the Court DISMISSES Plaintiff's FAC with leave to amend.

**ALLEGATION OF THE COMPLAINT**

The allegations of the FAC are largely the same as with her prior complaint. Plaintiff alleges numerous difficulties with her attempts to open a cosmetology apprenticeship program. In her FAC, she states that she has "narrow[ed] it to the personal injuries that were suffered as a result of the actions that were taken by the agencies listed." (Dkt. No. 8 at 1.) Plaintiff's 11-page complaint is supported by 128-pags of exhibits as well as two boxes of documents. These documents reiterate Plaintiff's plan to open her own chain of cosmetology schools and her extensive efforts to obtain approval from the State Labor Board only to have the board reject the

1    plan which caused her considerable financial and personal loss, as her son with whom he she

2    hoped to open the schools committed suicide after the Labor Board rejected the plan.

**LEGAL STANDARD**

Under 28 U.S.C. § 1915, the Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous for Section 1915 purposes where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking). Regarding dismissals for failure to state a claim, Section 1915(e)(2) parallels the language of Federal Rules of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint therefore must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally ... to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Upon dismissal, pro se plaintiffs proceeding in forma pauperis must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

**DISCUSSION**

The FAC suffers from the same defects as the initial complaint as well as additional defects because it is not on the standard form for pro se complaints as her prior complaint was, but is instead written as a narrative such that much of the information critical to her legal claims is missing.

First, although Plaintiff's original complaint appeared to be pled against the Labor Board Division of Apprenticeship Standards-Sacramento, the Labor Board Division of Apprenticeship

Standards-Oakland, the Martinez Adult School, the California Attorney General, the State Board of Cosmetology, and the Contra Costa District, the FAC fails to identify any Defendants other than the Labor Board of Oakland which is listed in the caption. Plaintiff must specify against whom she brings each of her claims.

Further, to the extent that she seeks to bring suit against the California Attorney General or state agencies, as the Court previously stated, such claims may be barred by the Eleventh Amendment. The Eleventh Amendment bars suits against States and state agencies in federal courts where the State has not waived its immunity. *Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396, 1402 (N.D. Cal. 1997) aff'd, 237 F. 3d 1026 (9th Cir. 2001) (internal citations omitted). It is unclear if Plaintiff intentionally omitted these previously named defendants, or if she still pleads claims against them notwithstanding the immunity issue.

Second, Plaintiff's legal claims are not clear from the text of the complaint. As noted, the complaint is written as a narrative of the issues she encountered attempting to open the cosmetology school, but does not identify any particular claims for relief. There are references to denial of her right to be "treated as fair and equally as anyone else" and "violation of my civil rights," but Plaintiff has not identified which rights or how she was treated differently from anyone else. (Dkt. No. 8 at 8.) As the Court previously noted, to state a claim for violation of her civil rights under 42 U.S.C. § 1983, the complaint "must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To adequately plead these elements, the complaint must identify what constitutional or other federal right each defendant violated, providing sufficient facts to plausible support each purported violation. *See, e.g.*, *Drawsand v. F.F. Props., L.L.P.*, 866 F. Supp. 2d 1110, 1121 ("Aside from passing references to due process and equal protection, the Complaint fails to allege how [plaintiffs'] constitutional rights were violated and fails to identify each Defendant's role therein."); *Walsh v. Am. Med. Response*, No. 2:13-cv-2077 MCE KJN (PS), 2014 WL 2109946, at *7 (E.D. Cal. May 20, 2014) ("Before any claims may be found to be cognizable, plaintiffs must separate each specific claim they wish to pursue, identify which defendants relate

3

to each particular claim, and identify the Constitutional right implicated by each claim."). Plaintiff's conclusory allegations regarding denial of her civil rights are insufficient to state a claim under Section 1983.

Finally, to the extent that Plaintiff seeks to rely on the Court to review her 128-pages of exhibits or the boxes of documents she submitted to the Clerk's Office to discern her legal claims, this is improper. Plaintiff must draft a pleading which presents her legal claims to the Court.

## CONCLUSION

For the reasons stated above, Plaintiff's FAC is DISMISSED with leave to amend. Plaintiff shall have one final opportunity to amend her complaint to: (1) clearly identify which claims are brought as to which specifically identified Defendants, and (2) the legal and factual basis for each claims. **If Plaintiff elects to amend her complaint she must do so by October 16, 2017.**

As Plaintiff is proceeding pro se, the Court urges her to contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415)-782-8982, for free assistance regarding her claims.

**IT IS SO ORDERED.**

Dated: September 18, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN JIMENEZ,<br><br>    Plaintiff,<br><br>v.<br><br>LABOR BOARD OAKLAND, et al.,<br><br>    Defendants. | Case No. 17-cv-03322-JSC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 18, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Karen Jimenez
161 Ben Lomand
Hercules, CA 94547


Dated: September 18, 2017

                                            Susan Y. Soong
                                            Clerk, United States District Court

                                            By:_____
                                            Ada Means, Deputy Clerk to the
                                            Honorable JACQUELINE SCOTT CORLEY

5