United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN JIMENEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>LABOR BOARD OAKLAND, et al.,<br><br>    Defendants. | Case No.17-cv-03322-JSC<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

Plaintiff Karen Jimenez, representing herself, brings this civil action against several state and municipal entities related to issues she has encountered attempting to open an apprenticeship cosmetology program. The Court previously granted Plaintiff's application to proceed in forma pauperis, screened her complaint under 28 U.S.C. § 1915, and dismissed her complaint for failure to state a claim with leave to amend. (Dkt. No. 7.) Plaintiff thereafter filed her First Amended Complaint ("FAC"). (Dkt. No. 8.) Upon review, the FAC still failed to state a claim upon which relief could be granted, and was dismissed with leave to amend. (Dkt. No. 10.) Plaintiff was also referred to the Legal Help Center for free legal advice regarding her claims and warned that failure to file her amended complaint by October 16, 2017 would result in the dismissal of her complaint for failure to prosecute. To date, Plaintiff has not filed her amended complaint or otherwise communicated with the Court.

Pursuant to Federal Rule of Civil Procedure 41(b), the court may dismiss an action for failure to prosecute or to comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may *sua sponte* dismiss an action pursuant to Rule 41(b)). "A Rule 41(b) dismissal must be supported by a showing of unreasonable delay." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010)

(internal citation and quotation marks omitted). In determining whether a Rule 41(b) dismissal is appropriate, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Id*. (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (internal citation and quotation marks omitted).

Here, four of the five *Henderson* factors weigh in favor of dismissal. "The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980). By failing to respond to the Court's order and file her amended complaint, Plaintiff has delayed adjudication of this action. Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other ... criminal and civil cases on its docket." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

As for the third factor, while "the pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal," the delay caused by Plaintiff's failure to prosecute this action despite the Court's order weighs in favor of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999). The fourth factor is the availability of less drastic sanctions. The Court already cautioned Plaintiff that failure to respond would result in dismissal of this action. (Dkt. No. 10.) Thus, the Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdick*, 963 F.2d at 1262 ("A district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions] requirement."). The last factor, which favors disposition on the merits, by definition, weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

In sum, four of the five relevant factors weigh strongly in favor of dismissing this action in its entirety. *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal). The Court therefore DISMISSES this action without prejudice.

The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: October 31, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN JIMENEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LABOR BOARD OAKLAND, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-03322-JSC<br><br>**CERTIFICATE OF SERVICE** |

　　　　I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

　　　　That on October 31, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Karen Jimenez
161 Ben Lomand
Hercules, CA 94547


Dated: October 31, 2017

　　　　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　　Ada Means, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　　　Honorable JACQUELINE SCOTT CORLEY

4